**FILMVIDEO RELEASING
CORPORATION,
Plaintiff,**

**v.**

**David R. HASTINGS, II, as Administrator with will Annexed of the Estate of Clarence E. Mulford, Defendant,**

**and**

**David R. Hastings, II and Peter G. Hastings, as Trustees of the Inter Vivos Trust and of the Testamentary Trust Created by Clarence E. Mulford, Intervenors.**

**No. 75 Civ. 2248 (HFW).**

United States District Court,
S. D. New York.

April 6, 1981.

Burns, Jackson, Summit, Rovins & Spitzer, New York City, for plaintiff; Herbert P. Jacoby, New York City, of counsel.

Jeffrey L. Squires, Washington, D. C., for defendant.

---

WERKER, District Judge.

Defendant and Intervenors ("Petitioners") have moved for an order adjudging plaintiff Filmvideo Releasing Corporation and its President and sole stockholder Maurice Zouary, ("Respondent") in contempt of this Court pursuant to Fed.R.Civ.P. 70 by reason of their wilful failure to comply with the second decretal paragraph of the Judgment entered in this case on February 25, 1981. A hearing in this matter was held on April 6, 1981. Both Petitioners and Respondent presented evidence and called witnesses. My findings of fact and conclusions of law are as follows.

## BACKGROUND

The judgment entered on February 25, 1981 directed Respondent to deliver certain materials to Petitioners within thirty (30) days from the date of the entry of judgment. They were:

all negatives, fine grains or positive prints, and all tapes, video cassettes and other material useful for the making of such negatives, positive prints, tapes, video cassettes and other forms of infringing copies of the 23 Hopalong Cassidy Motion Pictures in its possession or under its control or the possession or control of any of its subsidiaries or affiliates or which may hereafter come into its or their possession or control.

The judgment further provided that the provisions of the foregoing paragraph would be stayed pending appeal to the Second Circuit Court of Appeals in the event that Respondent filed a bond in the amount of $50,000 with surety, conditioned on compliance with the foregoing provisions in the event that this Court's judgment is affirmed on appeal.

There is no dispute that a Notice of Appeal has been filed by Respondent and that a bond in the amount of $50,000 has not been filed. Indeed, Respondent testified that his attempt to secure a bond from the Blakie Company was unsuccessful because he was unable to post collateral. Under the terms of the Judgment, if Respondent failed to post bond pending appeal, it was required to turn over all negatives and other materials useful for making infringing copies of the 23 Hopalong Cassidy Motion Pictures. This Respondent has not done.

## DISCUSSION

At the hearing of April 6, 1981 respondent stated that it transferred or attempted to transfer its interests in the Hopalong Cassidy Motion Pictures to at least three other corporations. The first agreement was executed in or about 1973, between Filmvideo and a corporation by the name of Conceptual Dynamics. Under this agreement, Conceptual Dynamics obtained a one-third interest in profits secured by Filmvideo in connection with the sale or license of 17 of the Hopalong Cassidy Motion Pictures. Mr. Zouary testified that he did not recall whether this agreement transferred an interest in negatives. The second agreement was one between Filmvideo and a California corporation which was interested in developing cassettes of the Hopalong Cassidy Motion Pictures for home video entertainment. The nature of this agreement was not sufficiently disclosed for the Court to determine whether it involved the transfer of negatives or other materials from which infringing copies of the films could be made.

The third agreement dated December 14, 1979 was between Filmvideo and Vanguard Film Corporation. The terms of this agreement provided that:

Seller will assign to Buyer and Buyer will purchase such Filmvideo interest in [the 23 Hopalong Cassidy Motion Pictures] for the amount of Ten ($10) Dollars and other valuable considerations.

The other valuable consideration referred to above apparently was the cancellation of charges accrued as a result of Filmvideo's storage of negatives and other materials in connection with the 23 Hopalong Cassidy Motion Pictures at Vanguard's warehouse in Riviera Beach, Florida. This agreement was signed by Zouary on behalf of Filmvideo and C. Feltner, Jr. on behalf of Vanguard but did not contain the corporate seal of either Vanguard or Filmvideo.

On March 28, 1981, Zouary in his individual capacity and as President of Filmvideo Releasing Corporation affirmed that the text of the following letter of Vanguard Film Company, by its counsel Robert J. Levine, is a true and complete statement of the terms of the agreement entered by the parties on December 14, 1979. The March 28, 1981 letter provides in pertinent part:

This letter is to inform you that my client, Vanguard Film Company (hereinafter VFC) did purchase from Filmvideo Releasing Corporation (hereinafter FRC) on the 14th day of December, 1979, all rights, title and interest, if any, which FRC had at the time of said sale in any and all entertainment properties involving the character of Hopalong Cassidy.

.    .    .    .    .

Pursuant to the terms of said Bill of Sale, any subsequently discovered or located physical properties, the rights to which were sold by FRC to VFC, are the sole property of VFC, not FRC.

At all times after said sale date, after a reasonable time for delivery to VFC, VFC has been in sole custody and control of all of FRC's physical assets and intangible rights to said entertainment library.

.    .    .    .    .

It should be noted that at no time from 1975, when this action was commenced in this Court were any of these purported transfers of interests in these films and negatives reported to the Court or in any way brought to the attention of the Court by Mr. Zouary. This was clearly an abuse of this Court by Zouary, and demonstrated an absolute incapability to understand the responsibility of the Court in this matter. Nor were these matters brought to the attention of counsel for Mr. Zouary during the pendency of the action, a circumstance which could involve the standing of his trial counsel in this Court. For that reason, the Court called counsel to the stand to exonerate him from any responsibility with respect to the abuse of this Court.

■ I find that the December 14, 1979 letter was ineffective to transfer respondent's interests in the 23 Hopalong Cassidy Motion Pictures. First, the language in that agreement merely provided that Filmvideo at some future date would sell and Vanguard would buy the former's interest in the motion pictures. Second, the document lacked the corporate seal of both contracting parties. In my view, this letter merely amounted to a letter of intent as to a future contract contemplated by the parties, and did not suffice to create a present transfer of respondent's interests in the films as of December 14, 1979. *See generally Dunhill Securities Corp. v. Microthermal Applications, Inc.,* 308 F.Supp. 195 (S.D. N.Y.1969). The fact that the parties found it desirable or necessary to execute the letter of March 28, 1981 evidences their intent that there was no binding agreement prior to that time. By March 28, 1981, however, circumstances had changed and plaintiff was no longer in the position to transfer its interests in the films by reason of this Court's judgment entered on February 25, 1981. In addition to this, Zouary stated at a convention of the National Association of Television Program Executives in New York City in March, 1981 that he had not transferred any title or interest in the Hopalong Cassidy Motion Pictures to any corporation that was not a party to the litigation.

■ Based on the foregoing, I conclude that any materials useful in the making of infringing copies of the 23 Hopalong Cassidy Motion Pictures that currently are stored at Vanguard's warehouse, must be turned over to Petitioners pursuant to the judgment of this Court entered on February 25, 1981 within five days from the entry of this decision. Should Respondent refuse to comply with this order, Mr. Zouary and Vanguard will each be subject to a fine of $10,000. Respondent is further directed to reimburse Petitioners' attorneys for costs and counsel fees incurred in bringing this motion in the amount of $1,000. *See Chas. Pfizer Co. v. Davis-Edwards Pharmacal Corp.,* 385 F.2d 533 (2d Cir. 1967). The judgment for attorney's fees is levied not only against Filmvideo but also against Mr. Maurice Zouary individually.

SO ORDERED.